SPENCER v. MEDDER.

1. In a proceeding before a justice of the peace to recover a forfeiture from a miller, for failing to set up his rates of toll, no statement of the cause of action need be filed. The summons, and the statement required to be made by the justice in his docket, will sufficiently apprise the defendant of the nature of the charge he is called on to defend.

2. A summons running in the words "State of Missouri," is as valid as though it run in the name of "*The* State of Missouri."

3. A return by a constable in these words "served the within by reading the same in his presence, Feb. 14, 1838, E. Taylor," is defective, because it does not specify in whose presence it was read, nor is officially subscribed; but if defendant appears in the circuit court and goes into trial without objecting to such service, he cannot afterwards avail himself of such error.

4. In this proceeding (to recover a forfeiture) plaintiff offered to prove and did prove, that an agent of his carried to defendant's mill 177 pounds of corn, and received in return 26 pounds less than he was entitled to, if legal toll had been taken. Held, that as the amount of the forfeiture sued for was fixed by law, the introduction of such proof could only be offered for the purpose of showing that plaintiff was aggrieved by defendant's failure to comply with the requsitions of the law, and could not therefore be complained of by defendant.

APPEAL from the circuit court of Morgan county.

*Hayden*, counsel for appellant.

The errors complained of by Spencer are: 1. That the plaintiff ought to have filed with the justice a statement or specification of a grievance to himself, before the justice had any jurisdiction to issue the original summons.

2. The summons was and is void, because it does not run in the name of "The State of Missouri."

3. It does not appear that the summons was ever served by any constable or person authorized to serve it.

4. It does not appear that the said Spencer ever appeared before the justice of the peace; but, on the contrary, that the proceedings before the justice were exparte.

5. That the evidence objected to and given to the jury, in relation to the weight of the corn and of the meal as above stated, was irrelevant to the matter in issue, and ought not to have gone to the jury.

6. That the court erred in refusing to grant to the defendant a new trial, and also in overruling his motion in arrest of judgment.

*Miller* and *Adams*, counsel for appellee.

The counsel for the appellee, plaintiff below, will insist upon the following points: 1. The court below very properly overruled the defendant's motion to quash the

original summons and dismiss his suit—see Constitution of State of Missouri, art. 5, sec. 19.

2. That the testimony introduced by plaintiff, was legal and competent testimony, and that the court very properly overruled defendant's motion for a new trial.

3. That the justice of the peace before whom suit was instituted, had jurisdiction of the cause—see Digest, sec. 11, "Mills and Millers," p. 405; see Dig. title "Justices Courts," art. 1, sec. 2.

4. That by the record of the justice, the plaintiff had a sufficient and legal cause of action—see Dig. title "Justices Courts," art. 2, 4th clause, 2 sec.; article 3, sec. 8; art. 5.

5. That the summons was a good and sufficient summons—see Dig. sec. 10–11, art. 2, p. 357; sec. 8, art. 8, p. 370, Dig.

EDWARDS, Judge, delivered the opinion of the court.

Medder sued Spencer, the owner of a public water grist mill, before a justice of the peace, to recover a forfeiture of ten dollars from said Spencer for not setting up and keeping in some conspicuous place in said mill, a statement of the rates of toll for grinding, for at least three months, in the year 1837, as required by the act concerning mills and millers, and the rates of toll. Medder had judgment before the justice, and Spencer appealed to the circuit court. It does not appear that Spencer appeared on the trial before the justice. When the cause was called in the circuit court, the defendant moved to dismiss the appeal from the docket, because—1. The summons did not run in the name of "The State of Missouri." 2. The plaintiff filed no statement of the cause of action. 3. The justice made no statement of the cause of action upon his docket. This motion the court overruled.

On the trial the plaintiff proved, by F. B. Medder, that in the year 1837, he weighed a bag of corn for the plaintiff, which weighed 177 pounds, and that he took it to the defendant's water grist mill, and delivered it there to the said defendant, and that he, said witness, a few days after, was present at said mill, and saw the plaintiff receive in return the same bag of corn ground into meal, and that the witness accompanied the plaintiff home with the bag of meal, and that he saw it weighed, and that there was twenty-six pounds less than there ought to have been, had the proper toll been taken out of the

corn. The defendant objected to the giving of this evidence, but the court overruled the objection, and the evidence went to the jury.

The plaintiff then gave evidence conducing to show that the defendant's mill was a public water grist mill, and that the defendant, as owner of said mill, did not set up and keep in said mill, in some conspicuous place, the rates of toll for grinding as established by law, for three months in the year 1837. The defendant then gave evidence conducing to show that he did set up and keep in said mill, in a conspicuous place therein, a statement of the rates of toll as fixed by law. The cause was, by agreement of the parties, submitted to a jury of nine men, who found a verdict for the plaintiff, and thereupon the court gave judgment for the plaintiff for the forfeiture of ten dollars and costs of suit.

The defendant then moved the court to grant him a new trial, because, 1st, the court permitted improper evidence to go to the jury; and 2d, the verdict was against law and evidence. The court overruled this motion, and the defendant then moved in arrest of judgment, because, 1st, the plaintiff complains of no injury; 2d, the summons is void in law; 3d, the summons does not run in the name of "The State of Missouri;" and 4th, the summons is not in the form prescribed by the statute. This motion was also overruled, and the defendant appealed to this court.

In a proceeding before a justice of the peace to recover a forfeiture from a miller, for failing to set up his rates of toll, no statement of the cause of action need be filed. The summons, and the statement required to be made by the justice in his docket, will sufficiently apprise the defendant of the nature of the charge he is called on to defend.

The counsel for the appellant objects here that no statement of the cause of action was filed with the justice before the issuing of the summons. The act concerning justices courts, provides that when "any suit shall be founded on any instrument of writing purporting to have been executed by the defendant, such instrument shall be filed with the justice before any process shall be issued in the suit"—Rev. Code, '35, sec. 6, p. 350; and that in "every suit founded on an account, a bill of the items of such account shall be filed with the justice before any process shall be issued in the suit"—Rev. Code, '35, sec. 9, p. 250; but in a proceeding to recover a forfeiture like this, the law requires no statement of the cause of action to be filed. The summons sets out the cause of action here, as it should do in all cases when no statement of the cause of action is filed. In all cases, the justice is required to make a brief statement of the nature of the plaintiff's demand in his docket. This was done. Then both the summons and the justice's docket gave the defendant notice of the nature of

the plaintiff's demand against which he had to defend himself. No statement of the cause of action by the plaintiff was necessary.

The counsel for the appellant further insists, that the summons was defective, because it run in the name or words "State of Missouri," and not in the name or words "The State of Missouri." This objection is not good. By the 19th section of the 5th article of our State Constitution, "State of Missouri" is the name in which all writs are required to run. The definite article "the" forms no part of the name.

But the counsel for the appellant further insists, that if the Constitution does not, it is still competent for the legislature to add the word "the" to the name in which writs must run, and that the legislature has done so in the 12th section of the 2d article of the act concerning justices. courts—Rev. Code, '35, 351. This section provides that the summons may be in the following form: "The State of Missouri, to the constable," &c. No doubt it may be in this form, but it does not follow, because the legislature have said the summons will be good in this form, that it will be bad in every other form.

The counsel for the appellant further insists, that the service of the summons in this case was bad. It is in these words: "Served the within by reading the same in his presence. February 14, 1838. E. Taylor." This service is evidently bad, for two reasons: 1st, the service was by reading in "his presence," which may have been in the presence of Medder the plaintiff, Spencer the defendant, or Brown the justice, nobody can tell which; and 2d, it was bad, because made by E. Taylor, instead of being made by the constable of the township, or somebody properly authorized by the justice. The counsel for the appellee insists, however, that this defect in the service was cured by the appearance of the defendant. The record does not show that the defendant appeared before the justice until after the trial, when he appeared to take an appeal to the circuit court. In the circuit court, on his first appearance, he moved to dismiss the appeal from the docket, but the court overruling the motion, he went into the trial of the cause on its merits, but without making any objection whatever to the defect in the service of the process. By doing so, the defendant waived any objection to the service of the process. If the defect in the service had been pointed out in the circuit court, the service might possibly·

A summons running in the words "State of Missouri," is as valid as though it run in the name of "*The* State of Missouri."

A return by a constable in these words "served the within by reading the same in his presence, Feb. 14, 1838, E. Taylor," is defective, because it does not specify in whose presence it was read, nor is officially subscribed; but if defendant appears in the circuit court and goes into trial without objecting to such service, he cannot afterwards avail himself of such error.

In this proceeding (to recover a forfeiture) plaintiff offered to prove and did prove, that an agent of his carried to defendant's mill 177 pounds of corn, and received in return twenty-six pounds less than he was entitled to, if legal toll had been taken. Held, that as the amount of the forfeiture sued for was fixed by law, the introduction of such proof could only be offered for the purpose of showing that plaintiff was aggrieved by defendant's failure to comply with the requisitions of the law, and could not, therefore, be complained of by defendant.

have been amended. But this objection is made here for the first time. It is now too late.

The circuit court permitted the plaintiff to prove by a witness that he, the witness, in the year 1837, weighed a bag of corn for the plaintiff, containing 177 pounds, which was carried to the defendant's mill and ground, and when returned and weighed, was 26 pounds less than it should have been, if only the proper toll had been taken from it. The counsel for the appellant insists that the court erred in permitting this evidence to go to the jury. The appellee insists that this evidence was properly admitted and necessary to show that the plaintiff had been aggrieved by the failure of the defendant to set up and keep his rates of toll as required by law. In this case the jury had no discretion as to the amount of damages. The forfeiture was fixed by law, and could be neither more nor less than ten dollars. This forfeiture was to be paid to the party aggrieved by the failure of the defendant to set up his rates of toll. The evidence here objected to, could have been given for no other purpose than to show that the plaintiff had been aggrieved. For this purpose it was probably well enough to let it go to the jury. There was other evidence sufficient to justify the jury in finding the charge against the defendant.

There seems then to have been no error in overruling the motion to dismiss the appeal, the motion for a new trial or the motion in arrest of judgment. The judgment of the circuit court ought therefore to be affirmed, and the other judges concurring, it is affirmed.